**LOCAL 148–162 INTERNATIONAL LA-
DIES' GARMENT WORKERS' UN-
ION AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 19245.

United States Court of Appeals,
Third Circuit.

Argued May 7, 1971.

Decided Sept. 23, 1971.

Aldisert, Circuit Judge, dissented
and filed an opinion.

Sidney Reitman, Kapelsohn, Lerner, Leuchter, Reitman & Maisel, Newark, N. J. (Irving Leuchter, Newark, N. J., on the brief) for petitioner.

Elliott Moore, N. L. R. B., Washington, D. C. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Jerome N. Weinstein, Atty., N. L. R. B., on the brief) for respondent.

Before HASTIE, Chief Judge, and KALODNER and ALDISERT, Circuit Judges.

OPINION OF THE COURT

HASTIE, Circuit Judge.

On the petition of Local 148–162, International Ladies' Garment Workers' Union, AFL–CIO, we here review so much of a decision of the National Labor Relations Board as denied the union a remedy for the refusal of an employer, James Textile Corp., to recognize and bargain with the union as the chosen representative of employees who constituted an appropriate bargaining unit.

The refusal to recognize Local 148 occurred on May 7, 1968 at the employer's plant in Bergen, New Jersey. Five years earlier, the employer had removed its business from New York City to Bergen. That removal had precipitated a dispute between the employer and Local 62, International Ladies' Garment Workers' Union, AFL–CIO, the New York local that then represented its employees. That dispute led to an unfair labor practice charge that was filed by Local 62 in 1963, and the resultant proceeding had not been fully and finally adjudicated in May, 1968 when the employer rejected the request of Local 148 for recognition.

In that New York proceeding, the Board decided originally [1] that the employer had wrongfully failed to bargain on the matter of proposed removal to New Jersey and related subcontracting of part of its New York operation, and that the appropriate remedy for this wrong was to grant the New York employees certain rights and privileges of employment in the New Jersey plant. It also considered that an employers' association, which had been the employer's authorized New York bargaining representative, had been engaged in negotiating a new contract with Local 62 when the employer withdrew from the association and moved to New Jersey. Finding that withdrawal "untimely," the Board concluded that the employer was bound by the contract executed after its withdrawal by the union and the association. Accordingly, the "cease and desist" portion of the Board's order enjoined the employer from refusing to bargain with Local 62.

Thereafter, the Court of Appeals for the Second Circuit considered and denied the Board's petition for enforcement of its order. NLRB v. Spun-Jee Corp., 1967, 385 F.2d 379. The court ruled that the employer had not unlawfully refused or failed to bargain concerning the shutdown and removal of its New York operations. On the issue whether the employer was bound by the contract executed by the employers' association and Local 62 after its attempted withdrawal from the association, the court decided that the controlling consideration was whether "unusual circumstances" justified the withdrawal while negotiations were in progress. The case was remanded to the Board solely for decision upon that question and the entry of whatever order might properly be based upon that decision.

On May 7, 1968, when the employer refused to recognize Local 148, the Local 62 case was still pending before the Board on remand. However, less than two weeks later the Board decided that the employer's 1963 withdrawal from the association had been justified by "unusual circumstances." Accordingly, it denied any relief in the Local 62 case and dismissed that five-year-old proceeding. Spun-Jee Corporation and James Textile Corp., 1968, 171 NLRB No. 64.

It was the pendency of the above described proceeding that, in the Board's view, prevented the employer's refusal on May 7, 1968, to recognize Local 148 from being an unfair labor practice violative of Section 8(a) (5) of the National Labor-Management Relations Act, 29 U.S.C. § .158(a) (5). However, the correctness of that ruling can be determined only after the other circumstances that attended the May 7, 1968 refusal to bargain have been stated and considered.

The employer had been doing business at its New Jersey plant for almost five years. During that period it had not recognized or bargained with New York Local 62 and it denied any obligation to do so. Now Local 148 of the same International (ILGWU) was attempting to organize its New Jersey plant. The Board adopted the trial examiner's finding in this case that on May 7, 1968 the union supported its demand for recognition with an adequate showing that a majority of the employees in an appropriate unit had elected to be represented by Local 148. The employer stated as its reason for denying recognition its belief that the union had not won the adherence of a majority of the employees in the unit. But the trial examiner also found that this was not a doubt expressed in good faith, but rather the employer had refused to recognize the union in an effort to gain time to undermine and destroy the adherence of its employees to the union.

It was not until after the union had filed an unfair labor practice charge that employer's counsel asserted as a legal justification for his client's action the fact that the earlier Local 62 pro-

I. Spun-Jee Corp. and The James Textile Corp., 1965, 152 NLRB 943.

ceeding was still pending. Yet the Board accepted that defense as adequate saying: "[r]espondent cannot be found to have refused to bargain with one union while awaiting the Board's decision on whether Respondent was required to continue to bargain with still another union. To hold otherwise would obviously be in derogation of our own process."

Section 9(a) of the Act requires that "[r]epresentatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment * * *." Section 8(a) (5) specifies that an employer's refusal to bargain with such a representative "shall be an unfair labor practice." On May 7, 1968, the employer here refused to bargain with a union that had duly qualified for recognition under Section 9(a). And since the reason for this refusal was to gain time to achieve employee disclaimer of the union, the intention of the employer to flout and violate the statutory mandate is clearly established.

The Board has sanctioned the employer's action on the ground that the Board should not require an employer to bargain with one union while a dispute over the employer's refusal to recognize another union is pending before it. Undoubtedly, that policy can be controlling where rival unions are asserting doubtful and conflicting rights to representation of the same employees at the same time, so that the recognition of one union may prejudice or conflict with proper disposition of the claim being litigated by the other. *E. g.*, St. Louis Independent Packing Co. v. NLRB, 7th Cir. 1961, 291 F.2d 700.

But that is not the case here. Local 148, and it alone, has been shown to have been the choice of those employed on May 7, 1968 to represent them cur-

rently. In contrast, the pending five-year-old Local 62 proceeding presented the issue whether a labor contract negotiated in 1963 had been binding upon the employer originally and until the date of its expiration. Unfortunately, the duration of that contract does not appear in the present record, although it does appear that in the 1963 negotiations the parties discussed a one-year contract. In any event, it is almost inconceivable that the term may have been as long as five years, and no such contention is made here. Significantly, Local 62 has not sought to intervene in this proceeding or in any way to contest the claim of Local 148 to represent the employees in 1968.

Moreover, if conceivably some rights conferred by the 1963 contract survived in 1968, the New Jersey local could more appropriately and conveniently administer them for a New Jersey shop than could a New York local. The assignment of rights and responsibilities under a labor contract to a successor local after a shop has moved is familiar in the practice and experience of the Board. *E. g.*, Canton Sign Co., 1969, 174 NLRB No. 133. Moreover, the fact that the two unions concerned in this case are fraternally related as locals of the same international union underscores the practicality and appropriateness of such a solution here, in the very unlikely event of the problem arising in connection with the 1968 disposition of the 1963 claim of Local 62.

In these circumstances, we can discover no rational basis for apprehension by the Board that to have accorded recognition to Local 148 as bargaining representative effective May 7, 1968 would have been "in derogation of its process" or might in any way have compromised its freedom to prescribe any remedy that conceivably might have been appropriate for the alleged 1963 wrong. And the Board has suggested none.

Finally, no consideration of fairness to the employer impedes a holding that its conduct on May 7, 1968 was an unfair labor practice. We have pointed out

that the purpose and the motivation of the employer in denying union recognition were grossly improper. Moreover, neither the pendency of the old Local 62 proceeding nor any other circumstance gave the employer any reason to doubt that its employees were entitled to have their free choice of a representative respected. *Cf.* NLRB v. Air Master Corp., 3d Cir. 1964, 339 F.2d 553. We need not and do not decide whether an employer's refusal to recognize a union, duly selected by its employees, can be justified by the employer's reasonable apprehension that the requested recognition might interfere with a pending Board proceeding.

The case must be remanded to the Board for reconsideration in order that it may determine an appropriate remedy in light of our present holding that the employer's refusal on May 7, 1968, to recognize Local 148 was an unfair labor practice in violation of Section 8(a)(5) of the Act. Whether, in light of whatever has occurred since May 7, 1968, bargaining with the union should now be required, as in Franks Bros. Co. v. NLRB, 1944, 321 U.S. 702, 64 S.Ct. 817, 88 L.Ed. 1020, or not required, as in NLRB v. Fansteel Metallurgical Corp., 1939, 306 U.S. 240, 59 S.Ct. 490, 83 L. Ed. 627, will be for the Board to decide.

It will be so ordered.

ALDISERT, Circuit Judge (dissenting).

On December 7, 1967, the NLRB was directed by the Second Circuit to determine whether the James Textile Corporation should be required to "bargain with the union (Local 62) in a unit consisting of their own production, shipping and warehouse employees." National Labor Relations Board v. Spun-Jee Corporation and the James Textile Corporation, 385 F.2d 379, 384 (2 Cir. 1967). On May 20, 1968, the Board issued its decision, concluding that the company was not required to bargain with Local 62.

Because the eligibility of Local 62 as the appropriate bargaining unit was the very issue *sub judice* before the Board on May 7, 1968, I would hold that the company did not commit an unfair labor practice on that date for refusing to recognize Local 148, a sister local of the same international, as the bargaining unit of its employees.

Whatever the reasons originally stated by counsel for the company's refusal to recognize Local 148, the reality is that on the critical date, May 7, 1968, there was the distinct possibility that the Board could have ordered the company to bargain with Local 62, rather than Local 148. I agree with the conclusion of the Board that "respondent was not under any obligation to recognize or bargain with another union prior to May 20," and would deny the petition to review its order.